UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

In re:
APPHARVEST, INC., et al.,
Debtors.

Chapter 11
Case No. 23-90745 (CML)
(Jointly Administered)

United States Courts
Southern District of Texas
**F I L E D**

JUN 10 2025

Nathan Ochsner, Clerk of Court

## MOTION FOR RECONSIDERATION AND TO ALLOW LATE-FILED CLAIM

COMES NOW James Arthur Ferraro, pro se claimant, and respectfully moves this Court to reconsider the prior ruling concerning the timeliness of his claims and to allow his late-filed claim to be admitted. In support of this motion, the Movant states as follows:

## I. BACKGROUND

1. **Late Notice:** During the May 29, 2025 hearing, it was stated that three notices were sent to me. However, I only received two notices. These notices were different from one another. The notice concerning wrongful termination and retaliation came after the general bar date had passed. This is crucial because I did not understand that these claims were subject to the bar date until after the second notice arrived. The opposing counsel has not provided my signature to prove that I received the *appropriate* notice before the general bar date, which would demonstrate that I had timely notice.

2. **Judge's Misunderstanding:** In the May 29th hearing, the judge instructed me to mute my microphone, then showed his understanding that I was complaining about not understanding the notice. However, the judge did not acknowledge my statement that I never received the appropriate notice before the general bar date. The crux of my argument is that I was not informed of the necessary deadlines until after they had passed. The line was disconnected before I had a chance to correct his understanding of the matter.

3. **Inconsistency in Notices:** I have received two notices, and while they were both related to the bar date, only the language in the second notice I received applied to me as an employee. The third notice mentioned by opposing counsel remains unclear, and I have not been able to verify whether this notice was sent to me or not. Also the planned administrator said the 3rd notice was mailed out on August 31, 2023 ONLY 6 days before the general bar date.

4. **Failure to Produce Evidence:** The opposing counsel has failed to provide any evidence, such as a signature or certified mail receipt, to prove that I was served with the appropriate notice before the general bar date. This omission is significant and supports my claim that I was not properly informed in a timely manner.

## II. FACTUAL BASIS FOR RECONSIDERATION

Movant acknowledges awareness of the general bar date set in the bankruptcy case. However, the Movant did not receive adequate notice, nor did he have reason to believe the general bar date applied to him until after receiving a separate notice that referred specifically to employee-related claims such as wrongful termination and whistleblower retaliation.

The Movant is a former employee of AppHarvest who was terminated after making multiple safety and agricultural complaints. These included allegations of dangerous workplace conditions, the presence of a dangerous agricultural virus (Tomato brown rugose fruit virus), and unsafe pesticide use. He later filed a claim (Claim 227) to preserve his rights.

The Plan Administrator has not produced any documentation or signature proving that Movant received sufficient or individualized notice advising that claims like his had to be filed by the general bar date.

## III. LEGAL BASIS FOR RECONSIDERATION

Under 11 U.S.C. § 501(a), a creditor may file a proof of claim. Under 11 U.S.C. § 501(i), such a claim should not be disallowed solely for being late when notice was constitutionally deficient.

According to Federal Rule of Bankruptcy Procedure 3003(c)(2), any creditor who fails to file a timely proof of claim "shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution." However, courts have long held that this rule does not override the due process requirement of adequate notice.

In Chemetron Corp. v. Jones, 72 F.3d 341 (3d Cir. 1995) and Fogel v. Zell, 221 F.3d 955 (7th Cir. 2000), it was established that a creditor cannot be barred for late filing if they never received actual or constructive notice of the deadline that applies to their type of claim. Notice must be reasonably calculated to apprise interested parties and allow a meaningful opportunity to respond.

Here, the notice Movant did receive did not specify that it applied to former employees with potential employment-related claims. By the time such a notice did arrive, the bar date had already passed.

## IV. RELIEF REQUESTED

WHEREFORE, Movant respectfully requests that this Court:

A. Reconsider the ruling concerning the timeliness of his claims and permit his late-filed claim to be admitted;

B. Acknowledge that the notice provided was inadequate, and that due process was not met, given that I did not receive notice of the bar date until after the general bar date had passed;

C. Require opposing counsel to produce proof of my receipt of the notice before the bar date, such as a signature or certified mail receipt, to confirm that I was appropriately notified;

D. Consider that the third notice referenced during the May 29th hearing has not been clearly explained and may not have been properly sent to me, as evidenced by the inconsistency in the notices I received.

E. Grant any other relief that the Court deems just and proper in the interest of fairness and justice.

Respectfully submitted,

James Arthur Ferraro
5407 Woodland Rd.
Celina, OH 45822
jamesarthurferraro@gmail.com
Date: 6/6/2025

**EXHIBIT A**
**AFFIDAVIT OF JAMES ARTHUR FERRARO**
**IN SUPPORT OF MOTION FOR RECONSIDERATION**

I, James Arthur Ferraro, being duly sworn, do hereby state as follows:

1. My name is James Arthur Ferraro. I am over the age of 18 and competent to testify. The statements contained herein are based on my personal knowledge.

2. I filed Proof of Claim No. 227 in the bankruptcy case of AppHarvest, Inc., asserting wrongful termination, retaliation, and related claims.

3. I did not receive proper or individualized notice that the general bar date applied to employee wrongful termination and retaliation claims until after the general bar date had already passed.

4. During the May 29, 2025 hearing, opposing counsel stated that I had received three notices. I affirm under penalty of perjury that I received only two, and they were not the same. The contents and timing of the alleged third notice remain unknown to me.

5. I had no reason to believe the bar date applied to my employment-based claim until I received a subsequent notice which clarified that retaliation, and wrongful termination claims were subject to the same deadline—by that time, it had already passed.

6. To date, no one has provided my signature or any evidence that I was personally served or informed of this critical bar date in time to prepare or file an appropriate claim.

7. I respectfully request that the Court reconsider its prior ruling and accept my claim as timely, or otherwise grant relief on equitable or due process grounds.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 6th day of June, 2025.

James Arthur Ferraro
5407 Woodland Rd.
Celina, OH 45822

NOTARY ACKNOWLEDGMENT

State of North Carolina
County of Cherokee

Subscribed and sworn before me on this 6th day of June, 2025, by James Arthur Ferraro, who is personally known to me or has produced satisfactory identification.

Notary Public: Sara S Hardy
My Commission Expires: July 21, 2029

(Seal: SARA L HARDY, NOTARY PUBLIC, CHEROKEE COUNTY, NC, July 21, 2029)